**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, ) | No. CV09-1983-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Kyle Wright et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant Camelback Title Agency's (CTA) Motion to Set Aside Entry of Default. (Doc. #41).

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC, v. Huntington Rests. Group*, 375 F.3d 922, 925-26 (9th Cir. 2004) (citation omitted). The good cause analysis consist of three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *Id.* at 926. The district court is free to deny a motion to set aside a default if any of the three factors is satisfied. *Id.*; *see also Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988) ("This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the

default is sufficient to justify the district court's refusal to vacate a default judgment."). The defendant bears the burden of showing that the factors favors setting aside the default. *Franchise Holding II*, 375 F.3d at 926.

Generally, "[i]f a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable."[1] *Id.* (quoting *Direct Mail Specialists, Inc., v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). CTA's counsel indicates in a footnote that she "has not been able to verify if CTA's statutory agent, Sheldon Freeman was served." It is hard to believe that CTA cannot verify whether its own agent, Shelton L. Freeman, actually received the summons and complaint from his paralegal. In fact, counsel does not indicate whether she even attempted to communicate with Mr. Freeman. Because whether or not the defendant received actual notice is pertinent to the Court's inquiry, the Court will order CTA provide further briefing, with accompanying affidavits, discussing whether or not (1) Mr. Freeman actually received the summons and complaint that were served upon his paralegal on November 5, 2009; and (2) whether CTA received the summons and complaint, along with relevant dates

"To justify vacating [a] default judgment, [the defendant] ha[s] to present the district court with specific facts that would constitute a defense. *Franchise Holding II*, 375 F.3d at 926-27. CTA only states in a conclusory fashion and rather unintelligibly that, "CTA contends it [has] a meritorious defense that [M&I] gave various approvals and instructions to CTA/Patterson so it could push through what ultimately was its own bad loan decision. The resulting bad credit decisions of many banks during the relevant time, including M&I, has caused it to suffer losses." However, CTA does not aver any *facts* that support a defense. The Court will therefore order CTA to provide further briefing, along with affidavits, if necessary, to support its contention that it has a meritorious defense.

---

[1] On the other hand, "there is no rigid rule against late filings attributable to the movant's negligence." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). The Ninth Circuit has avoided articulating a bright-line rule in favor of allowing the district court to weigh the factors and exercise discretion. *Id.* at 859-60.

Finally, contrary to CTA's contention, the Court did not find in its January 29, 2010 order that M&I's service of process was legally deficient. Instead, the Court found that M&I's *proof* of service was insufficient. The Court's January 29, 2010 order specifically stated:

> Plaintiff served Heidi Cooling, paralegal for Scott Freeman, on November 5, 2009, at 6909 East Main, Scottsdale, AZ 85251. (Doc. #11)[.] However, Plaintiff's affidavit does not indicate whether Ms. Cooling is "an officer, a managing or general agent, or [an] agent authorized by appointment or by law to receive service of process," as required by Fed. R. Civ. P. 4(h)(1)(B). Moreover, Plaintiff's application for default lists Mr. Shelton L. Freeman, located at 731 N. 16th St., #330, Phoenix, AZ 85020, and not Scott Freeman, as the agent for service of process for Camelback Title Agency. Plaintiff's proof of service is therefore insufficient and does not satisfy Fed. R. Civ. P. 4(l)(1).

(Doc. #34). The Court then extended the time for service to March 1, 2010.

However, counsel's mistaken reading of the Court's order may be a plausible mistake. More facts regarding counsel's understanding of what was required of CTA to avoid default, including whether she thought she had a ten-day grace period, as her email suggests, may be relevant to whether discretion warrants setting aside the entry of default.

IT IS THEREFORE ORDERED that CTA provide further briefing by April 26, 2010, with accompanying affidavits, if necessary, discussing whether: (1) CTA's statutory agent received the summons and complaint served on November 5, 2009, upon Heidi Cooling; (2) whether CTA received the summons and complaint, along with relevant dates. Plaintiff will then have until May 6, 2010, to respond.

IT IS FURTHER ORDERED that CTA provide further briefing by April 26, 2010, with accompanying affidavits, if necessary, to support its contention that it has a meritorious defense. Plaintiff will then have until May 6, 2010, to respond.

DATED this 16th day of April, 2010.

_____
Neil V. Wake
United States District Judge