**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| M&I Marshall & Ilsley Bank, | ) | No. CV-09-01983-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Kyle Wright et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court are the following motions, all of which are in the nature of motions to amend a pleading:

    **1.** **Defendant Joan Patterson's Motion for Leave to Amend First Amended Answer (Doc. 109);**

    **2.** **Defendant Camelback Title Agency's Second Motion to Amend Answer (Doc. 110);**

    **3.** **Defendant First American Title Insurance Company's Motion for Leave to Amend the Answer and Cross-Claim (Doc. 113);**

    **4.** **Defendant Shauna Brauchler's Motion for Leave to Amend Answer (Doc. 116); and**

    **5.** **Plaintiff M&I Marshall & Ilsley Bank's Revised Amended Motion for Leave to Amend Complaint (Doc. 126, superseding Doc. 112, in turn superseding Doc. 111).**

Plaintiff has contested all of the Defendants' motions and some Defendants contest Plaintiff's motion.

## I. Standard

Under Rule 15, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit characterizes this as a standard of "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotation marks omitted). The Court must nonetheless "consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Also, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). But "[a]bsent prejudice, or a strong showing of any of the remaining [considerations], there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. Analysis

### A. Prejudice

The Court perceives no prejudice created by any proposed amended pleading. Defendants Camelback and Patterson argue — and Plaintiff M&I appears to concede — that M&I's proposed amendments would require retaking at least three depositions. But "the need for new discovery is not sufficient to constitute undue prejudice on its own. The prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 100–01 (S.D.N.Y. 2010) (citations omitted). Further, if a party in fact chooses to retake certain depositions, it must apply for leave from this Court (assuming the parties would not stipulate), at which time the Court could address the burden of such discovery. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii).

M&I's concern about certain Defendants' frequent invocation of the Fifth Amendment to avoid discovery is not an appropriate basis to deny those Defendants leave to amend. If,

as a result of these amendments, those Defendants' use of the Fifth Amendment becomes a self-serving sword, rather than a shield, the Court may address that issue as appropriate. *See*, *e.g.*, *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1277 (10th Cir. 2008) ("in a civil case a district court may strike conclusory testimony if the witness asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause"); *In re Edmond*, 934 F.2d 1304, 1308-09 (4th Cir. 1991) (discussing same); *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (same).

### B. Other Grounds for Denying Leave to Amend

The Court perceives no "strong showing" of bad faith, undue delay, futility, or use of dilatory tactics in any of the pending motions. *See Eminence Capital*, 316 F.3d at 1052. Most of the parties' various opposition arguments in this regard — such as when the statute of limitations began to run, what each party knew and when — are fact-specific and therefore better suited for summary judgment or trial. To the extent parties have raised opposition arguments that rest purely on law, the Court finds these arguments inadequately briefed. If appropriate at all, these arguments would be better suited to a focused motion to dismiss, rather than an objection to a motion to amend.

### C. Fair Notice

The parties variously argue that each others' proposed additional claims and/or defenses do not provide fair notice of the nature of those claims/defenses. With one exception (discussed below), the Court finds that the parties' respective proposed amendments — in the context of the case as elaborated upon in the parties' briefs — contain enough clarity and specificity to put the opposing party on notice of the claims against it. As to the exception, Defendant Camelback's proposed amended answer contains the following statement:

> For its separate and affirmative defense, Plaintiff accepted, confirmed, acquiesced in and consented to all actions and/or inactions by Camelback Title by auditing the closing, accepting and acquiescing in the closing documents, including the HUD-

- 3 -

> 1s, and making subsequent disbursements of the $200,000 to Kyle Wright, Elite, and/or the contractor. Accordingly, *Camelback* caused its own damages, failed to mitigate its damages, and by its actions and inactions waived and released its claims against Camelback Title and/or is barred by its actions and inaction from bringing claims against Camelback Title for its actions and inactions.

(Doc. 110-2 ¶ 85 (emphasis added).) M&I, in its opposition, stated that it "has no idea what is meant by this asserted defense." (Doc. 118 at 8.) Camelback, in reply, simply reprinted the entire paragraph verbatim. (Doc. 129 at 2.)

The Court cannot say that it "has no idea" what Camelback means, but the Court assumes that Camelback does not mean what it actually said. Rather, the Court infers that Camelback intended to allege that M&I (not Camelback) caused its own damages. The Court's order below reflects this presumption.

IT IS THEREFORE ORDERED that Defendant Joan Patterson's Motion for Leave to Amend First Amended Answer (Doc. 109) is GRANTED.

IT IS FURTHER ORDERED that Defendant Camelback Title Agency's Second Motion to Amend Answer (Doc. 110) is GRANTED, *provided that*, Camelback corrects its amended complaint as explained above. If the Court has incorrectly interpreted Camelback's intent, Camelback's motion is denied without prejudice to a subsequent motion explaining the paragraph in question.

IT IS FURTHER ORDERED that Defendant First American Title Insurance Company's Motion for Leave to Amend the Answer and Cross-Claim (Doc. 113) is GRANTED.

IT IS FURTHER ORDERED that Defendant Shauna Brauchler's Motion for Leave to Amend Answer (Doc. 116) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff M&I Marshall & Ilsley Bank's Revised Amended Motion for Leave to Amend Complaint (Doc. 126) is GRANTED.

1     IT IS FURTHER ORDERED that, in accord with LRCiv 15.1, all parties have 14 days
2 from the filing of this order to file and serve their respective amended pleadings on all other
3 parties under Fed. R. Civ. P. 5.

4     IT IS FURTHER ORDERED that Plaintiff M&I Marshall & Ilsley Bank shall adhere
5 to Fed. R. Civ. P. 4 with respect to the newly added defendants.

6     DATED this 1st day of November, 2010.

*/s/ H. Murray Snow*

G. Murray Snow
United States District Judge